UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ARVINDER SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00526-MPB-MG |
| | ) | |
| BRISON SWEARINGEN,<br>TAMMY MARICH,<br>DAVID VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Arvinder Singh is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on July 14, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Singh now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing. Dkt. 1 at 18-19.

For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Singh an individualized bond hearing or release him from custody, under reasonable conditions of supervision.

## I. Background

Mr. Singh is a citizen and native of India. Dkt. 1 at ¶ 22. He came to the United States in January 2015 through the United States-Mexico border without inspection, admission, or parole. *Id.* at ¶ 23. He subsequently submitted applications for asylum and withholding of removal. *Id.* This resulted in the Department of Homeland Security issuing and serving a Notice to Appear for

Removal proceedings pursuant to 8 U.S.C. § 1229a on Mr. Singh in October 2017. *Id.* at ¶ 24. The Notice to Appear from October 2017 charges Mr. Singh with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 7-1 at 1. The "arriving alien" checkbox is unmarked. *Id.*

On July 14, 2026, Mr. Singh was arrested during a traffic stop by the Indiana State Police. *Id.* The arrest was pursuant to a warrant issued by ICE after the officer contacted ICE Enforcement and Removal Operations in Chicago. Dkt. 7-1 at 4. The administrative warrant cites 8 U.S.C. § 1226 as authority. *Id.* at 7. Mr. Singh was eventually taken to the Clay County Jail where he is being held without bond. Dkt. 1; dkt. 7. Mr. Singh's removal proceedings remain pending. Dkt. 1; dkt. 7.

## II. Discussion

Mr. Singh claims that his current detention violates the Immigration and Nationality Act ("INA") because he has been unlawfully denied the opportunity for a bond hearing. Dkt. 1 at 14. He also claims that his detention violates the regulations pertaining to immigration bond, is a violation of the Administrative Procedure Act, and is unlawful under the Due Process Clause of the Fifth Amendment.[1] *Id.* at 14-19.

Respondents initially argued that Mr. Singh was mandatorily detained without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. 7. However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315, at *4 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that §

[1] Mr. Singh also requests relief pursuant to *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM(C.D. Cal. Dec. 18, 2025). However, the parties agree that Mr. Singh's detention may be authorized only by § 1226(a), so the Court need not determine whether he is entitled to relief under *Maldonado Bautista*.

1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Singh who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The Respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 8. Thus, it is undisputed that Mr. Singh is entitled to habeas relief insofar as he is eligible for a bond hearing.

**III. Scope of Relief**

Mr. Singh requests immediate release from custody. Dkt. 1 at 18-19. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Singh's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

Because the Court has found that Mr. Singh's detention violates the INA, it need not reach his claim regarding bond regulations and APA, or that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Finally, the Respondents ask the Court to dismiss this action and direct the Mr. Singh to request a bond hearing. In previous cases raising the same issue, the Court has not denied habeas

relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearingen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026); *Diaz Gonzalez v. Swearingen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the Respondents to schedule a bond hearing or release Mr. Singh.

## IV. Conclusion

The Court grants the petition to the extent that **no later ten days from the date of this order**, Respondents must either: (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Singh from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Singh with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Singh's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed**

to enter final judgment.

**IT IS SO ORDERED.**

Dated: August 20, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Preetkamal Singh
Singh Law Firm PLLC
singhlawfirmpllc@gmail.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov